IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER DIAZ-POMALES; his wife KATHERINE TRENCHE-SANTIAGO; and THE CONJUGAL PARTNERSHIP between them<br><br>Defendants | CIVIL NO. 15-1458 (PAD)<br><br>COLLECTION OF MONIES AND FORECLOSURE OF MORTGAGE |

**WRIT FOR EXECUTION**

**TO TE SPECIAL MASTER:**

**WHEREAS**, on October, 29, 2015, an Order was entered by the United States District Court for the District of Puerto Rico, in the above-captioned case, which states as follows:

"**ORDER OF EXECUTION OF JUDGMENT**

On August 3, 2015, this Court entered Judgment against the Defendants in the captioned case, requiring them to pay the Plaintiff the principal amount of $173,657.94; accrued interests at the contractual rate of 5.88% *per annum*; accrued late charges and any other in late charges; and any other advance, charge, fee or disbursements made by Plaintiff on behalf of Defendants, in accordance with the mortgage deed, plus costs, and $18,000.00 in attorney's fees and legal costs for a total amount of $195,458.81.

It appears that the mortgage constituted by Defendants on the real estate property object of this Complaint, copy of which was made part of this case-file and is incorporated herein as though set forth *in extenso,* is a valid and subsisting mortgage and constitutes a lien

in favor of the Plaintiff.

Defendants have not paid to the Plaintiff the sums adjudged by this Court in its Judgment as ordered on August 3, 2015.

Defendants, as debtors under said mortgage and owners of the land and building below referred to, continue in default of the payment for the following sums as of the date the default was entered, which amounts were stated as accrued until July 29, 2015:

a) $173,657.94 in principal;
b) Accrued interests at the contractual rate of 5.88%, which continue to accrue since January 1st, 2013;
c) $3,800.87 in late charges;
d) $18,000.00 in legal costs and attorney's fees duly agreed upon and secured by the mortgage.

Accordingly, the mortgaged property with the following description shall be sold at public auction to the highest bidder thereof, without an appraisal or right of redemption for the payment and satisfaction of Plaintiff's mortgage, within the limits secured:

"RÚSTICA: Solar "A" del plano de inscripción, radicado en el Barrio Cedros, del término municipal de Carolina, Puerto Rico, con una cabida de 1008.932 metros cuadrados. En linderos: por el NORTE, José Matos en 37.087 metros; por el SUR, remanente de la finca de la cual se segrega en 35.130 metros; por el ESTE, con el solar "B" a dedicarse a uso público en 2 alineaciones que suman 23.315 metros; y por el OESTE, con remanente de donde se segregó en 33.953 metros."

Property number 51,297, recorded at page 80 of volume 1,354 of Carolina, Registry of the Property of Carolina, Second Section.

Mr. Hans López Stubbe is hereby designated and appointed as Special Master (hereinafter "Special Master") to make the sale hereinbefore mentioned under the form and conditions herein directed.

The sale to be made by the Special Master shall be subject to the confirmation of this Court and the purchaser(s) thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale, in accordance with the mortgage deed referred to, in this auction is as follows:

a)  Property described above, no less than $180,000.00 which is the total of the minimum bidding amount for the mortgage which will be executed pursuant to this Order.

Any fund delivered from the sale to be made in accordance with the terms of this Order and such further Orders of this Court shall be applied as follows:

a)  To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and (compensation of the Special Master appointed herein) (expenses of the Special Master), after said compensation and expenses have been approved by the Court, all said expenses and/or compensations to be deducted from the sum of $18,000.00 provided in the mortgage note and deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

b)  To the payment of that part of the indebtedness owed to plaintiff up to the principal amount of $173,657.94; accrued interests at the contractual rate of 5.88% since January 1st, 2013; until paid.

c)  If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further Orders of the Court.

Plaintiff may apply to this Court for such orders and relief as it may deem advisable to its interest to satisfy its money judgment, in accordance with the terms of this Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this <u>20th</u> day of <u>November</u>, 2015.

s/<u>Pedro A. Delgado-Hernández</u>
**Pedro A. Delgado-Hernández**
**United States District Judge"**

THEREFORE, you, Special Master designated or appointed by this Court, pursuant to the Order granting Default Judgment entered on August 3, 2015; the Judgment entered on August 3, 2015 and the Order of Execution which is literally transcribed above, are requested to

proceed with the execution of said Judgment, in accordance with its terms and applicable law.

Issued under my signature and with the seal of the Court, this 20th day of November, 2015.

Frances Ríos de Morán, Esq.<br>
**CLERK OF THE UNITED STATES DISTRICT COURT<br>
FOR THE DISTRICT OF PUERTO RICO**

By: _____
Deputy Clerk